ANTHONY KOPINOS *et al. vs.* SOMMER'S TRANSFER CO., INC.

JANUARY 24, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action on the case for negligence brought, under the statute of Death by Wrongful Act, by the parents of Peter Kopinos, sixteen years of age, who died on January 23, 1932, as the result of injuries received by

him on January 16, 1932, when the bicycle on which he was riding collided with defendant's truck. The trial in the Superior Court resulted in a verdict for plaintiffs for $2,500 and the case is here on defendant's exceptions as follows: to certain rulings on evidence; to the denial of its motion for a directed verdict, and to the denial of its motion for a new trial.

The collision occurred at the intersection of Exchange and Front streets in Pawtucket on a clear day at about 11 a. m. The driver of defendant's truck testified that as he was driving along Exchange street, before turning the corner into Front street to his right, he looked into the mirror on the left mudguard of the truck and also glanced out of the right window; that he did not see a boy on a bicycle; that as he rounded the corner he felt a slight jar at the right rear of the truck and assumed that the wheel had grazed the curbing; that when he reached his destination a short distance away on Front street and stepped out of the truck he saw a boy lying in the street at the intersection; that he at once took the boy in a passing automobile to a hospital and reported the accident at a police station.

No one other than the boy saw the collision. One witness testified that, hearing a crash, he looked up in time to see the rear wheels of the truck pass over the boy who was lying very near the curbing at the right of the truck; that after the truck driver reached his destination and dismounted from the truck he saw the boy, returned and stated: "Did I hit him? I didn't know I did . . ."

Practically all plaintiffs' evidence in regard to the collision is contained in an oral statement made by their son, about eight hours after the accident, to two police officers. These officers, having been delegated to investigate the accident, had requested the hospital authorities to notify them when the boy could be interviewed, and upon receiving this notification they came to take his statement. Said statement, which was later reduced to writing and signed by the

two officers, was used by them during the trial to refresh their recollection. They testified that the boy said: that he was riding east on Exchange street and as he neared the corner of Front street a truck passed him; that when he reached the corner the truck turned sharply into Front street going south and in such a manner that, although he tried to avoid it, the truck hooked his handlebars and he was thrown beneath it.

The exceptions pressed by defendant are based upon the admissibility, weight and effect of the oral statement of the boy to the police officers· at the hospital. This statement through the officers was admitted by virtue of Chapter 1048, P. L. 1927, which provides that: "A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant." The defendant contends that the boy, by reason of his condition, was incompetent to make any declaration and that the same was therefore inadmissible even though made in good faith and before the commencement of the action.

Objection having been made to receiving evidence of the boy's statement without evidence as to his mental condition, Officer Blue, one of those to whom said statement was made, testified as follows:

"Of course the boy was suffering but in his statements his answers were clear, without any hesitating." And again: "It (the statement) was made very freely. We just asked him to tell us how the accident happened, and the boy, in his own way, clearly, without any hesitancy on his part, told us. . . . At that time Kopinos was very weak and we didn't care to ask him any more . . ." "Q. But as far as you observed at the time that he gave you the statement his mind was clear?" "A. Very clear." In answer to the question: "How did his mentality and his . . . apparent knowledge of the accident appear to you as indicated by his answers?" Inspector Hourigan, the

other officer, replied: "It appeared to me to be all right." There was also in evidence a statement, made by the boy to a doctor in the morning shortly after his admission to the hospital, which—while not as complete as that made to the officers—was entirely consistent therewith.

Defendant contends that as .the police were not experts their testimony as to the boy's mental condition was of insufficient weight to render admissible the statement by the boy to them.

This question has been passed upon by this court in the recent case of *Hollingworth* v. *Kresge*, 48 R. I. 341, wherein the court decided that a non-expert witness may testify to facts observed bearing upon the mental condition of a person, and then may give his opinion as to the mental condition of such person as derived from these facts. To the same effect see *Conn. Mutual Life Ins. Co.* v. *Lathrop*, 111 U. S. 612; *Ratigan* v. *Judge*, 181 Mass. 572; *In re Moxley's Will*, 103 Vt. 100.

As the evidence offered in regard to the mental condition of the boy was competent, the admission of the statement was not error and the weight of the statement was for the jury. The exceptions based on the admission of this evidence are overruled.

Defendant's exception to the refusal of the trial court to direct a verdict on the ground that the verdict as rendered is contrary to the physical facts of the case is without merit. The record discloses no physical facts which would render it impossible that the accident happened as stated by the boy. His statement raised the question of negligence on the part of defendant and, as previously stated, its weight was for the jury. The motion for the direction of a verdict for defendant was properly denied.

The remaining exception is based upon the ground that the verdict is against the weight of the evidence. The statement of the boy, if believed by the jury, amply supported the charge of negligence on the part of defendant. After consideration of all the testimony we cannot say that

the verdict, which has the support of the trial justice, was contrary to the weight of the evidence.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Flynn & Mahoney, Thomas J. Flynn, James W. Leighton,* for plaintiff.

*William A. Gunning,* for defendant.